IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL ANDERSON                                                                                    PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 5:11-cv-20-DCB-JMR

LT. CASANDRA DAVIS, et al.                                                                      DEFENDANTS

## MEMORANDUM OPINION

On February 18, 2011, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. This Court entered two orders [3 & 4] on February 23, 2011, in this case. One order [3] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff failed to respond or comply with that order. The second order [4] entered on February 23, 2011, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court within 30 days. The envelope containing the orders [3 & 4] entered on February 23, 2011, was returned [5] by the postal service with a notation "Return to sender - attempted - not known - unable to forward" and filed in the instant civil action on March 14, 2011.

When the plaintiff failed to comply with the orders as well as failing to provide a correct mailing address, out of an abundance of caution, an order to show cause [8] was entered on June 21, 2011, directing the plaintiff to respond on or before July 7, 2011, and explain why this case should not be dismissed for his failure to comply with the Court's orders [3 & 4] entered on February 23, 2011. The envelope [9] containing the order to show cause [8] was returned to this Court by the postal service on June 27, 2011, with a notation "released from HC JC Jackson."

The orders were mailed to the plaintiff's last known address. The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide the Court with a current address. It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, *supra*, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the   28th   day of  July, 2011.

                                        s/David Bramlette
                                        UNITED STATES DISTRICT JUDGE